OPINION
{¶ 1} Defendant-appellant, Ashley M. Walker, appeals the decision of the Butler County Court of Common Pleas convicting her of complicity to trafficking in cocaine and permitting drug abuse. We affirm the trial court's decision.
 {¶ 2} In early 2005, an undercover detective with the Butler County Bureau of Criminal Investigations engaged in several drug sale transactions with a cocaine dealer, Jared Fultz. Having made prior purchases of cocaine from Fultz, an agreement was made *Page 2 
that Fultz was to sell the agent a kilo of cocaine on March 23, 2005 for $23,500.00.
 {¶ 3} Appellant had been dating Fultz on-and-off for a few months in early 2005. On March 23, 2005, appellant went to the Woodman Park Apartments in Dayton to give Fultz a birthday present. Before arriving, Fultz asked appellant if she would be willing to pick up a friend, Jimmy Clark, on her way to the apartment complex. Upon arrival, Fultz was standing with another friend in the parking lot. Fultz and Clark went inside the apartment building and returned with a box which contained the kilo of cocaine. Appellant testified that she did not know what was in the box. Fultz then asked if appellant would be willing drive to Monroe, Ohio following his car with her car. Appellant agreed and Fultz placed the box on the floor behind the driver's seat in appellant's car. Appellant, along with Clark, followed Fultz to Monroe. Fultz instructed appellant that upon arriving in Monroe, she should park in a Wendy's restaurant parking lot and wait for him.
 {¶ 4} Fultz met with the undercover detective at a Monroe McDonald's restaurant and got into the detective's truck. They then drove to the Wendy's and parked next to appellant's vehicle. Fultz retrieved the box from behind appellant's driver seat and took the cocaine to the detective's truck to be weighed. After being weighed, Fultz placed the box back into appellant's car and instructed appellant to drive across the highway to the Days Inn parking lot and wait for him. Fultz then left with the detective to go to another location to count the money. After counting the money, the detective and Fultz went to the Days Inn parking lot to make the exchange. As Fultz walked towards appellant's car to retrieve the cocaine, Fultz, Clark and appellant were arrested.
 {¶ 5} Appellant was indicted for one count of complicity to trafficking in cocaine in violation of R.C. 2923.03(A) and one count of permitting drug abuse in violation of R.C. 2925.13(A). The case proceeded to jury trial on February 21, 2006. At trial, Fultz testified that appellant was aware that the box contained cocaine because she knew he was a drug *Page 3 
dealer and had driven for him on ten prior drug deals.
 {¶ 6} The jury found appellant guilty as charged. As a result, appellant was sentenced to three years in prison for complicity and six months in prison for permitting drug abuse with the sentences to run concurrent and credit for 53 days served. Appellant timely appealed, raising three assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE APPELLANT WAS DENIED A FAIR TRIAL DUE TO THE ADMISSION OF PROHIBITED PRIOR BAD ACTS EVIDENCE."
 {¶ 9} Appellant argues in her first assignment of error that the trial court violated Evid.R. 404(B) by admitting evidence of appellant's "prior bad acts." Specifically, appellant claims the trial court should have excluded Fultz's testimony of prior instances when appellant drove for drug deals. According to appellant, the state introduced this testimony to prove appellant's character to show that she acted in conformity with that character.
 {¶ 10} The admissibility of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. State v. Martin (1985), 19 Ohio St.3d 122,129. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Wolons (1989), 44 Ohio St.3d 64,68.
 {¶ 11} Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith on a particular occasion. See Evid.R. 404(B);State v. Curry (1975), 43 Ohio St.2d 66, 68-69. However, such evidence may be used for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evid.R. 404(B); State v. Conway, 109 Ohio St.3d 412,2006-Ohio-2815, ¶ 64 (testimony of a *Page 4 
previous argument between appellant and victim was evidence of motive);State v. Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853, ¶ 174 (evidence of gang membership was evidence of motive); State v. Crutchfield, Warren App. No. CA2005-11-121, 2006-Ohio-6549, ¶ 34 (testimony that appellant was aware that bullets fired from his property could strike houses one-half mile away was evidence of knowledge).
 {¶ 12} The jury convicted appellant of complicity to trafficking in cocaine in violation of R.C. 2923.03(A). That section states, in pertinent part, as follows: "No person, acting with the culpability required for the commission of an offense, shall do any of the following: (1 ) Solicit or procure another to commit the offense; (2) Aid or abet another in committing the offense." Trafficking in Cocaine is defined as, "No person shall knowingly * * * sell or offer to sell [cocaine]." R.C. 2925.03(A). The jury also convicted appellant of permitting drug abuse in violation of R.C. 2925.13(A). That section states, in pertinent part, as follows: "No person who is the owner, operator, or person in charge of a * * * vehicle * * * shall knowingly permit the vehicle to be used for the commission of a felony drug abuse offense."
 {¶ 13} At trial, Fultz testified that appellant had driven for him on ten prior drug deals. Appellant argues that this testimony of "prior bad acts" constitutes character evidence inadmissible under Evid.R. 404(B).
 {¶ 14} Appellant testified at trial. She admitted that she drove to Monroe at Fultz's request, and that Fultz placed the box in her car. Appellant asserted as part of her defense that she was unaware she was driving for Fultz to engage in a drug transaction. She testified that she did not know that the box contained cocaine.
 {¶ 15} Both crimes with which appellant was charged contained a knowledge requirement. The complicity charge required the state to prove appellant knowingly aided Fultz in selling cocaine; the permitting drug abuse charge required the state to prove appellant knowingly used a vehicle to commit a drug abuse offense. Fultz's testimony of the *Page 5 
prior acts was not inadmissible character evidence under Evid.R. 404(B). Rather, his testimony was probative of appellant's knowledge. The evidence of the prior drug transactions appellant assisted with was not used to prove appellant acted in conformity with that character. The testimony was used to prove that appellant knew she was driving to a drug transaction and that she knew the box contained cocaine. We find no abuse of discretion by the trial court in admitting the above testimony by Fultz.
 {¶ 16} Accordingly, appellant's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "THE APPELLANT'S CONVICTIONS ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE COURT ERRED IN FAILING TO GRANT APPELLANT'S CRIM.R. 29 MOTION."
 {¶ 19} Appellant argues that her convictions for complicity to trafficking cocaine and permitting drug abuse are not supported by sufficient evidence and are against the manifest weight of the evidence because there was no evidence that appellant was aware she was engaging in a drug transaction or knew the substance in the box was cocaine.
 {¶ 20} The Supreme Court of Ohio has held that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins,78 Ohio St. 3d 380, 386, 1997-Ohio-52. We will first address appellant's claim that her conviction is not supported by sufficient evidence.
 {¶ 21} In reviewing the record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. When deciding a sufficiency of the evidence issue, the reviewing court will not substitute its evaluation of *Page 6 
witness credibility for that of the trier of fact. State v. Benge,75 Ohio St.3d 136, 142, 1996-Ohio-227. The state can use either direct or circumstantial evidence to prove the elements of a crime. State v.Nicely (1988), 39 Ohio St.3d 147, 151. Furthermore, "circumstantial evidence and direct evidence inherently possess the same probative value." Jenks, paragraph one of the syllabus.
 {¶ 22} Appellant argues that no evidence was presented from which the jury could infer appellant had knowledge of a cocaine transaction. Specifically, appellant cites Fultz's statement that he did not tell appellant the specific details of the May 23, 2005 transaction, including that it was cocaine in the box and to whom he planned to sell the cocaine.
 {¶ 23} Fultz testified that appellant knew he was a cocaine dealer and that she had engaged in ten similar transactions for him. On May 23, 2005, Fultz asked appellant if she would be willing to "drive" to Monroe for him. Fultz explained in his testimony that appellant knew what "drive" meant based on the prior dealings. Appellant admitted in her testimony that she drove for Fultz on May 23, 2005 with the box in her car to Monroe. Further, before leaving for Monroe, Fultz testified that he instructed appellant to follow him, be careful, not bring attention to yourself, and obey the speed limit. Also, once arriving in Monroe, appellant obeyed Fultz's instructions regarding the locations where they should meet. Although Fultz may not have given appellant specific details about the transaction, there was evidence that she was aware she was engaging in a cocaine transaction.
 {¶ 24} In addition, Detective Dan Schweitzer testified that after signing a Miranda waiver, appellant stated "that they traveled to Monroe and that she knew there was [sic] drugs in the box * * *. She also advised us that she knew that Jared Fultz was a drug dealer." After reviewing the record, we find that there was sufficient evidence from which a rational jury could infer the elements of the crimes beyond a reasonable doubt.
 {¶ 25} Appellant also argues her convictions were against the manifest weight of the *Page 7 
evidence. When considering a manifest weight of the evidence challenge, an appellate court reviews the entire record, weighing the evidence and all reasonable inferences that can be drawn from it, and considers the credibility of witnesses, to determine whether in resolving conflicts in the evidence, "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 26} When reviewing a manifest weight of the evidence claim, an appellate court is obligated to consider the credibility of the witnesses and the weight to be given the evidence presented. Id. However, these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 27} The state's case rested primarily on the testimony of Fultz and the two undercover detectives involved in the case. In addition to Fultz's testimony, Det. Dwight Aspacher testified. Det. Aspacher was the primary undercover officer involved in the operation. Det. Aspacher testified that he weighed the cocaine and drove Fultz to each location. Det. Aspacher witnessed appellant in the driver's seat of her car with the box of cocaine behind her and that she was present in each location where Fultz instructed her to be.
 {¶ 28} Det. Dan Schweitzer also testified. Det. Schweitzer was the secondary undercover agent in the operation and conducted the questioning of appellant following the arrest. As set out above, Det. Schweitzer testified that appellant admitted that she was aware drugs were in the box and that she traveled to Monroe for Fultz to sell the drugs. *Page 8 
 {¶ 29} Appellant's case relied on the arguments that appellant was unaware that she was engaging in a drug transaction or that she knew the substance contained in the box was cocaine. Appellant also testified that she was in an on-again, off-again relationship with Fultz at the time, that she trusted him, and he took advantage of her by asking her to assist.
 {¶ 30} The jury in this case chose to believe the testimony of the state's witnesses to find that appellant had the requisite knowledge that cocaine was inside the box and that she knew she was engaging in a drug transaction. Based on the foregoing evidence, we find that the jury did not clearly lose its way in this case nor create a manifest miscarriage of justice. As a result, we hold that appellant's convictions were not against the manifest weight of the evidence.
 {¶ 31} Appellant's second assignment of error is overruled.
 {¶ 32} Assignment of Error No. 3:
 {¶ 33} "CUMULATIVE ERRORS DEPRIVED APPELLANT OF A FAIR TRIAL."
 {¶ 34} Appellant's third argument of error contends that the "violations of the Rules of Evidence during trial singularly may not raise prejudicial error," but the cumulative effect of the errors deprived appellant of a fair trial.
 {¶ 35} Although a particular error might not constitute prejudicial error in and of itself, a conviction may be reversed if the cumulative effect of the errors deprives a defendant of a fair trial, despite the fact that each error individually does not constitute cause for reversal. State v. Garner, 74 Ohio St.3d 49, 64, 1995-Ohio-168;State v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus. However, the doctrine of cumulative error is not applicable where a defendant fails to establish multiple instances of harmless error during the course of the trial. Garner at 64.
 {¶ 36} This court has found no instances of error as set forth in appellant's previous *Page 9 
assignments of error; thus there cannot be harmless error. Consequently, the doctrine of cumulative error is not applicable in the present case. Appellant's third assignment of error is overruled.
 {¶ 37} Judgment affirmed.
 WALSH, P.J., and YOUNG, J., concur. *Page 1