OPINION
{¶ 1} Defendant-appellant, Eric Wells, appeals his conviction in Warren County Court for domestic violence. We affirm appellant's conviction.
 {¶ 2} In November 2005, the state charged appellant by complaint with one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. The charge stemmed from a physical altercation between appellant and his wife. After a bench trial in *Page 2 
January 2006, the county court found appellant guilty. The court sentenced appellant to one year of community control and four days in jail, and ordered him to pay a $250 fine.
 {¶ 3} Appellant now appeals his conviction, assigning one error as follows:
 {¶ 4} "APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AS THERE WAS NO EVIDENCE THAT APPELLANT CAUSED PHYSICAL HARM TO THE COMPLAINANT, THUS APPELLANT WAS DENIED DUE PROCESS."
 {¶ 5} In his assignment of error, appellant argues that the state did not present sufficient evidence to support a conviction for domestic violence. According to appellant, the state did not present any evidence indicating that appellant actually caused physical harm to the victim.
 {¶ 6} Our review of a sufficiency of the evidence claim focuses on whether, as a matter of law, the evidence presented at trial was legally sufficient to support the verdict. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 34.
 {¶ 7} Appellant was charged and convicted for violating R.C.2919.25(A), which provides as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 8} The state presented two witnesses at trial: the victim and Deputy Vondafeld of the Warren County Sheriff's Office. At the time of the incident, appellant and the victim were married, but living separately. The victim testified that appellant knocked on the door to her home around 10:00 p.m. A male guest of the victim was there, and his car was parked in front of the home. The victim testified that appellant voiced his disapproval of the clothes she was wearing, and called her vulgar names. According to the victim, appellant pulled down *Page 3 
her tank top, exposing her breasts. The victim testified that appellant then "pulled [her] out of the house by the front of [her] shirt[.]" Further, the victim testified that appellant "pulled [her] off the front steps," and that she "fell into the mulch and hit [her] foot on a rock." According to the victim, appellant "kept spinning [her] around." The victim also testified that photographs offered into evidence by the state showing her ripped and stretched tank top were accurate representations from the night of the incident.
 {¶ 9} Deputy Vondafeld testified that the victim was visibly upset on the night of the incident, and that her shirt was torn and stretched. Further, he testified that the victim had red marks on her skin. Deputy Vondafeld also testified that the photographs offered into evidence by the state, showing redness on the victim's upper chest, reflected what he observed on the night of the incident.
 {¶ 10} Appellant argues that "there was absolutely no evidence, not even a scintilla, to suggest who or what caused the red marks" on the victim's skin. Therefore, according to appellant, the state did not present sufficient evidence that appellant caused physical harm to the victim.
 {¶ 11} The state can use either direct or circumstantial evidence to prove the elements of a crime. State v. Walker, Butler App. No. CA2006-04-085, 2007-Ohio-911, ¶ 21. Circumstantial evidence is the "proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts." State v. Griesheimer, Franklin App. No. 05AP-1039, 2007-Ohio-837, ¶ 26, citing State v.Bentz (1981), 2 Ohio App.3d 352, 355, fn. 6. "[Circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt."State v. McKnight, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 75.
 {¶ 12} The state presented some direct evidence that appellant caused physical harm to the victim. The victim testified that appellant "pulled [her] off the front steps" so that she *Page 4 
"fell into the mulch and hit [her] foot on a rock." R.C. 2901.01(C) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Viewing the evidence in a light most favorable to the state, a rational trier of fact could have determined that the above testimony by the victim was direct evidence of "physical harm" caused by appellant, given the broad definition of "physical harm" in R.C. 2901.01(C).
 {¶ 13} We also find sufficient circumstantial evidence in the record to convince the average mind beyond a reasonable doubt that appellant caused physical harm to the victim. The victim testified that appellant pulled her out of the house by the front of the shirt. Deputy Vondafeld testified that the victim's shirt was torn and stretched, and that the victim had red marks on her skin following the incident. The photographs showed redness on the victim's upper chest, above her torn and stretched tank top. The victim and Deputy Vondafeld testified that the photographs reflected their observations on the night of the incident. Based on the above evidence, a rational trier of fact could have inferred that appellant caused the red marks on the victim when he pulled her out of the house by the front of the shirt.
 {¶ 14} Appellant does not contest the remaining essential elements of domestic violence. It is undisputed that the victim was appellant's spouse at the time of the incident, and therefore a "family or household member." See R.C. 2919.25(F) (1 )(a)(i). Additionally, a rational trier of fact could have determined beyond a reasonable doubt that appellant was aware that his conduct would probably cause physical harm to the victim. Therefore, the "knowingly" element of the offense was satisfied. See R.C. 2901.22(B) (defining "knowingly").
 {¶ 15} After reviewing the record, we conclude that a rational trier of fact could have found the essential elements of domestic violence proven beyond a reasonable doubt. Therefore, contrary to appellant's argument, his conviction was supported by sufficient evidence. Accordingly, we overrule appellant's sole assignment of error. *Page 5 
 {¶ 16} Judgment affirmed.
 WALSH and BRESSLER, JJ., concur. *Page 1