OPINION
{¶ 1} Appellant, Brian J. Cummings, appeals a decision of the Butler County Court of Common Pleas denying his motion for a new trial. For the reasons stated below, we affirm the trial court's decision.
 {¶ 2} On April 4, 2006, police discovered appellant walking from the scene of a single-vehicle traffic accident. The vehicle, a Chevrolet S10 truck, appeared to have been driven up an embankment and then had flipped over a traffic control device. Officers arriving at the scene determined that appellant had suffered a head injury during the accident. The *Page 2 
officers questioned appellant at the scene, and appellant indicated that he was not the driver of the truck. The officers observed no other individuals at the scene of the accident, and found no other passengers in the vicinity of the accident after conducting a search.
 {¶ 3} Officers observed that appellant smelled strongly of alcohol and gasoline, and that he had glassy, bloodshot eyes and slurred his speech. Further, the officers noted that appellant staggered and had considerable difficulty maintaining his footing. When the officers questioned appellant regarding the accident, appellant's answers were non-responsive and inconsistent. After approximately twenty minutes of questioning, the officers were able to determine appellant's name and discovered that appellant had an active warrant for his arrest.
 {¶ 4} When an officer attempted to place appellant under arrest, appellant began making fists with his hand and shouting obscenities. After the officer handcuffed appellant, he was searched for weapons, at which time it was discovered that appellant was carrying two pocket knives and brass knuckles in his pocket, as well as a dagger in his shoe. Another dagger was located underneath the vehicle. Officers also found keys in appellant's pocket, and those keys were successfully used to unlock the door of the vehicle and to operate the ignition. The officers did not administer a field sobriety test. Appellant was then transported to a hospital, where he refused to submit to a blood alcohol test.
 {¶ 5} Appellant was charged with operating a motor vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A), driving under suspension ("DUS") in violation of R.C. 4510.11(A), and carrying a concealed weapon in violation of R.C. 2923.12(A)(1). After a jury trial, appellant was convicted on all counts, and the trial court imposed a ten-year prison sentence. Appellant appeals his conviction, raising three assignments of error. Because the issues raised in appellant's first and second assignments of error may be resolved together, we address them jointly. *Page 3 
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE STATE'S EVIDENCE WAS INSUFFICIENT."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} In appellant's first and second assignments of error, he challenges the sufficiency of the evidence presented at trial and argues that his conviction is against the manifest weight of the evidence. Appellant contends that the trial court erred in denying his Crim.R. 29 motion for acquittal because there was insufficient evidence presented at trial to establish that he operated a vehicle, drove while under the influence of alcohol, or possessed deadly weapons. Appellant also maintains the jury should not have found the state's circumstantial evidence to be credible. We find appellant's arguments to be without merit.
 {¶ 11} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.State v. Thompkins, 78-Ohio St.3d 380, 386, 1997-Ohio-52. In reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. State v. Wilson, Warren App. No. CA2006-01-007, 2007-Ohio-2298, ¶ 33. The review of a court's denial of a motion for acquittal under Crim.R. 29 is governed by the same standard as that used for determining whether a verdict is supported by sufficient evidence. State v. Haney, Clermont App. No. CA2005-07-068, 2006-Ohio-3899, ¶ 14; State v. Jenks (1991),61 Ohio St.3d 259, syllabus. In reviewing a record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 12} While the test for sufficiency requires a determination as to whether the state *Page 4 
has met its burden of production at trial, a manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. Wilson at ¶ 34. In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. In such a review, an appellate court considers the credibility of the witnesses and the weight to be given the evidence. State v. Walker, Butler App. No. CA2006-04-085,2007-Ohio-911, ¶ 26. "However, these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence presented." Id., citing State v. DeHass (1967),10 Ohio St.2d 230. The discretionary power to overturn a conviction based on the manifest weight of the evidence is to be invoked only in those extraordinary circumstances to correct a manifest miscarriage of justice where the evidence presented weighs heavily in favor of acquittal. Id. at ¶ 25, citing Thompkins, 78 Ohio St.3d at 387.
 {¶ 13} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Wilson at ¶ 35, citingState v. Lombardi, Summit App. No 22435, 2005-Ohio-4942, ¶ 9.
 {¶ 14} Appellant was convicted of OVI in violation of R.C.4510.11(A)(1)(a), which provides, "[n]o person shall operate any vehicle * * * within this state, if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." *Page 5 
 {¶ 15} According to the record, appellant was found in the immediate vicinity of the accident within minutes after it occurred, and no other occupants of the vehicle were identified or located. In addition, officers found keys to the vehicle on appellant's person. A crash investigator testified that the damage to the windshield of the truck was consistent with the driver of the truck hitting his head on the windshield, and appellant had a head injury. The crash investigator also testified that if somebody had been in the passenger seat, the passenger would have been pinned in the car. Further, three police officers testified that they believed that appellant was under the influence of alcohol. Each of the officers noted that appellant smelled of alcohol. They also observed that appellant was staggering and had glassy eyes and slurred his speech.
 {¶ 16} Although some of the evidence in this case is circumstantial, circumstantial evidence and direct evidence have the same probative value, and in some instances, certain facts can be established only by circumstantial evidence. State v. Jenks, 61 Ohio St.3d at 272. Moreover, a conviction based solely on circumstantial evidence is no less sound than one based on direct evidence. State v. Begley (Dec. 21, 1992), Butler App. No. CA92-05-076, 5. We find the evidence supporting appellant's conviction to be credible, and we cannot say the jury clearly lost its way or created a manifest miscarriage of justice in finding appellant guilty of OVI.
 {¶ 17} Next, appellant challenges his conviction for carrying a concealed weapon, in violation of R.C. 2923.12(A)(1), arguing that his conviction is against the manifest weight of the evidence.
 {¶ 18} R.C. 2923.12(A)(1) provides, "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * [a] deadly weapon other than a handgun."
 {¶ 19} R.C. 2923.11(A) provides that a deadly weapon is "any instrument, device, or *Page 6 
thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."
 {¶ 20} The parties do not dispute whether that the objects appellant was carrying were capable of inflicting death. However, appellant argues that the objects were not designed or specifically adapted for use as weapons, or that he possessed, carried, or used them as weapons.
 {¶ 21} According to the record, appellant was in possession of five objects, including two knives, two daggers, and a set of brass knuckles. An officer found two knives in appellant's coat pocket, a dagger located in a sheath under appellant's left sock, a set of brass knuckles wrapped in gloves located in his coat pocket, and another dagger in a sheath located inside the vehicle. Each of these objects was admitted into evidence and several police officers testified as to the context of appellant's possession of the items and his behavior through the course of the arrest. Also, one officer testified that that in his experience, knives similar to those found in appellant's possession have been used to cause death.
 {¶ 22} The jury was instructed that it was required to find beyond a reasonable doubt that appellant possessed a deadly weapon in order to find him guilty of carrying a concealed weapon. Further, the jury was instructed that a "deadly weapon" means "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."
 {¶ 23} Under Ohio law, brass knuckles are considered to be a weapon. R.C. 2923.20, captioned "Unlawful transaction in weapons," makes it unlawful to "[m]anufacture, possess for sale, sell, or furnish to any person other than a law enforcement agency for authorized use in police work, any brass knuckles, cestus, billy, blackjack, sandbag, switchblade knife, springblade knife, gravity knife, or similar weapon." (Emphasis added.) *Page 7 
 {¶ 24} In addition, the Committee Comments to R.C. 2923.11 provide:
 {¶ 25} "`Deadly weapon' is defined as any device capable of causing death, and which is either designed or specially adapted for use as a weapon (such as a gun, knife, billy, or brass knuckles), or is carried, possessed, or used as a weapon (such as a rock or cane when used for offensive or defensive purposes)." See also State v. Breeden, Cuyahoga App. No. 84663, 2005-Ohio-510, ¶ 57.
 {¶ 26} Appellant, relying on State v. Moore (1989), Butler App. No. CA88-06-087, argues that R.C. 2923.11 requires the state to prove that he actually used the objects in question as weapons. In Moore, this court reversed a conviction under this statute where there was no evidence that the object in question, a razor, was actually used by the defendant. We now choose to depart from the reasoning in that case, and hold that the plain language of R.C. 2923.11 permits a finding that an object is a deadly weapon if it is capable of inflicting death, and also that the item is designed or specifically adapted for use as a weapon or possessed, carried, or used as a weapon.
 {¶ 27} After reviewing the evidence in this case, we cannot say the jury clearly lost its way or created a manifest miscarriage of justice in finding appellant guilty of carrying a concealed weapon.
 {¶ 28} Having found that appellant's convictions are not against the manifest weight of the evidence, we also find that the evidence presented was sufficient for a rational trier of fact to find the elements of OVI and carrying a concealed weapon proven beyond a reasonable doubt. Appellant's convictions are supported by sufficient evidence and the trial court properly denied appellant's Crim.R. 29 motion.
 {¶ 29} Appellant's first and second assignments of error are overruled.
 {¶ 30} Assignment of Error No. 3:
 {¶ 31} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED *Page 8 
APPELLANT'S MOTION FOR A NEW TRIAL UPON NEWLY DISCOVERED EVIDENCE."
 {¶ 32} Appellant argues that the trial court erred in refusing to grant him a new trial since he presented claims alleging prosecutorial misconduct in the discovery and production of evidence, cognizable under Crim.R. 33(A)(2), as well as the presentation of newly discovered evidence, cognizable under Crim.R. 33(A)(6). Crim.R. 33 states in pertinent part:
 {¶ 33} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 34} "* * *
 {¶ 35} "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
 {¶ 36} "* * *
 {¶ 37} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at trial."
 Prosecutorial Misconduct {¶ 38} Appellant argues that prosecutorial misconduct occurred during his trial. He claims that the state failed to disclose exculpatory information, namely that the vehicle had been destroyed, and also failed to disclose during discovery certain evidence it intended to use at trial. Appellant asserts that the prosecutorial misconduct violated his due process rights under Brady v. Maryland (1963), 373 U.S. 83, 87,83 S.Ct. 1194, or in the alternative, that the failure to disclose pursuant to his motion for discovery was improper under Crim.R. 16.
 {¶ 39} The Ohio Supreme Court has recognized that "[t]he suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."State v. Johnston (1988), 39 Ohio St.3d 48, paragraph four of the syllabus, *Page 9 
citing Brady v. Maryland. In making the determination of whether a due process violation exists, "evidence shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."Johnston at paragraph five of the syllabus. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome[.]" Id., citing United States v. Bagley (1985), 473 U.S. 667,105 S.Ct. 3375.
 {¶ 40} Brady and its progeny apply only to evidence unknown to the defendant at the time of the trial. See United State v. Agurs (1976),427 U.S. 97, 103, 96 S.Ct. 2392. According to the record, appellant was aware of the existence of this evidence. As such, we find that there can be no Constitutional violation in the state's failure to disclose those items.
 {¶ 41} While appellant argues that the destruction of the truck is potentially exculpatory because evidence of the destruction of the truck could have been presented to the jury to rebut the circumstantial evidence that he was the driver of the truck, we note that appellant has failed to clearly articulate how in fact the destruction of the truck would have rebutted any of the evidence presented by the state. Rather, appellant speculates that, had he known that the truck had been destroyed, he would have been able to argue that he was denied the opportunity to introduce evidence that would have rebutted the state's evidence or impeached the state's witnesses. Appellant's speculation does not demonstrate how the destruction of the truck is in any way exculpatory. The prosecutor did not suppress evidence that was material either to the appellant's guilt or his punishment, and as such, there was no Brady violation.
 {¶ 42} In addition to his Brady claim, appellant asserts prosecutorial misconduct under Crim.R. 16. Appellant claims that it was prosecutorial misconduct under Crim.R. 16(B)(1)(f) for the prosecutor to fail to disclose the destruction of the truck. Ohio courts have found that the language of Crim.R. 16(B)(1)(f) creates a duty in the prosecutor that is coextensive with *Page 10 
the duty created under Brady. State v. Mills (Mar. 12, 2001), Butler App. No. CA99-11-198 at 12, citing State v. Keene (1998),81 Ohio St.3d 646, 650; State v. Hesson (1996), 110 Ohio App.3d 845, 851. A determination that there was no Brady violation resolves this argument in favor of the state, as well.
 {¶ 43} Appellant also claims that it was misconduct for the prosecuting attorney to fail to disclose as tangible property in its possession the keys, ignition, and an empty beer keg, as required under Crim.R. 16(B)(1)(c), in response to appellant's motion for discovery. Crim.R. 16(B)(1)(c) requires the prosecutor, upon motion of the defendant and order of the court, "to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places . . . within the possession, custody or control of the state, that are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant."
 {¶ 44} Appellant failed to object to the admission of the evidence during his trial. The failure to promptly object and call to the attention of the trial court an error at a time when the trial court can prevent or correct it amounts to a waiver of the right to complain of any error except for plain error. State v. Lott (1990),51 Ohio St.3d 160, 174, citing State v. Gordon (1971), 28 Ohio St.2d 45 at paragraph two of the syllabus. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For a reviewing court to find plain error, the court "must find error, the error must be plain, which means an obvious defect in trial proceedings, and the error must have affected the defendant's substantial rights." State v. Davis, Cuyahoga App. No. 88649, 2007-Ohio-3419, ¶ 17, citing State v.Barnes, 94 Ohio St.3d 21, 2002-Ohio-68. Crim.R. 52(B) is discretionary in nature. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage *Page 11 
of justice." State v. Landrum (1990), 53 Ohio St.3d 107, 111.
 {¶ 45} Allegations of prosecutorial misconduct related to violations of Crim.R. 16 "result in reversible error only when there is a showing that (1) the prosecution's failure to disclose was willful, (2) disclosure of the information prior to trial would have aided the accused's defense, and (3) the accused suffered prejudice." State v.Jackson, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 131, citing State v.Parson (1983), 6 Ohio St.3d 442, 445. There is no indication that the prosecution's failure to disclose was willful. In fact, there is every indication that the prosecutor intended and attempted to disclose the information to appellant. Both the truck and the keg were the subject of photographs that were disclosed to appellant pursuant to his discovery requests. The supplement to the state's response to the discovery request contained a note regarding the keys, such that appellant had notice that the keys were in the state's possession.
 {¶ 46} Also, appellant was aware that the state was in possession of the truck, so he could have made specific discovery requests regarding the vehicle had he so desired. Furthermore, appellant has made no argument as to how the disclosure of the evidence would have benefited his defense other than the bare assertion that he would have had the opportunity to impeach witnesses had he known that the evidence had been destroyed. As a result, it is difficult to determine how appellant was prejudiced by the alleged failure to disclose. Because the alleged misconduct does not meet the requirements outlined in Jackson, we do not see plain error in the trial court's decision to deny appellant's motion for a new trial.
 Newly-Discovered Evidence {¶ 47} The decision "to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court and, absent an abuse of discretion, that decision will not be disturbed." State v. Hawkins (1993), 66 Ohio St.3d 339, *Page 12 
350. "An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Jackson, 107 Ohio St.3d 53, 89,2005-Ohio-5981, ¶ 181. In order to prevail on a motion for a new trial based on newly discovered evidence, the moving party is required to establish that the new evidence: "(1) discloses a strong probability that it will change the result if a new trial is granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence." State v.Petro (1947), 148 Ohio St. 505, syllabus.
 {¶ 48} Initially, we note the peculiar nature of appellant's request. He asks this court to grant him a new trial so that he can argue that he has been deprived, through the state's destruction of evidence, of the opportunity to rebut the state's evidence that the key that was discovered on his person was used to operate the ignition to the truck. However, when he believed that such evidence had not been destroyed, he never attempted to introduce evidence to rebut or impeach the state's witnesses. As stated above, the existence of the evidence does not undermine confidence in the jury's verdict. There is not a strong possibility that the evidence will change the outcome of the trial. As such, appellant's argument fails under the first requirement of the test outlined in Petro.
 {¶ 49} For the foregoing reasons, we find that the trial court did not abuse its discretion when it denied appellant's request for a new trial. Accordingly, appellant's third assignment of error is overruled.
 {¶ 50} Judgment affirmed.
 YOUNG, P.J., and WALSH, J., concur. *Page 1