[Cite as *State v. Ballinger*, 2013-Ohio-2274.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2012-10-207 |
| | : | O P I N I O N |
| - vs - | | 6/3/2013 |
| | : | |
| ROBERT BALLINGER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 12CRB03023


Geoffrey A. Modderman, Hamilton City Prosecutor, 345 High Street, 7th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred Miller, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Robert Ballinger, appeals his conviction and sentence in the Hamilton Municipal Court for one count of criminal damaging.

{¶ 2} During the evening hours of August 22, 2012, George Roberson observed Ballinger on the sidewalk in front of the home of Lynn Sauceda, Ballinger's neighbor. Ballinger, who was visibly intoxicated, approached Sauceda's residence and began knocking loudly on her door. Sauceda yelled for Ballinger to leave, at which point, Ballinger began

taking off his clothes. Ballinger's mother heard the commotion and yelled for Ballinger to return home.

{¶ 3} Approximately five to ten minutes after Ballinger left Sauceda's door, Roberson witnessed Ballinger exit his home, take out a knife, and drag it along the fender of Sauceda's Lincoln Navigator, leaving a large gouge the full length of the fender. Sauceda's vehicle, which was parked on the street, was illuminated by two street lights so that Roberson was able to clearly identify Ballinger as the offender.

{¶ 4} Officer John Habig responded to the scene, at which time, Sauceda's neighbors told him that they had seen Ballinger scratch the vehicle. Officer Habig began to question Ballinger, and Ballinger stated that he had not done anything to "that car," even though Officer Habig had not yet mentioned that he had been dispatched because of the scratch to Sauceda's vehicle.

{¶ 5} Ballinger was charged with one count of criminal damaging. The municipal court held a bench trial at which Roberson, Sauceda, Officer Habig, and Ballinger testified. The trial court found Ballinger guilty and sentenced him to 90 days in jail with credit for thirty days served. Ballinger now appeals his conviction and sentence, raising the following assignment of error.

{¶ 6} IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO CONVICT SOMEONE OF CRIMINAL DAMAGING WHEN THE ONLY WITNESS TO THE DAMAGING HAS HAD A HISTORY OF BAD BLOOD WITH THE DEFENDANT, THE LIGHTING IN THE AREA WAS POOR, NO KNIFE THAT WAS SUPPOSEDLY USED FOR DAMAGING WAS EVER FOUND, AND THE DEFENDANT ADAMANTLY DENIES HIS INVOLVEMENT.

{¶ 7} Ballinger argues that his conviction for criminal damaging was against the manifest weight of the evidence.

{¶ 8} A manifest weight challenge examines the inclination of the greater amount of

credible evidence, offered at a trial, to support one side of the issue rather than the other. *State v. Wilson*, 12th Dist. No. CA2006-01-007, 2007-Ohio-2298.

> In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Cummings*, 12th Dist. No. CA2006-09-224, 2007-Ohio-4970, ¶ 12.

{¶ 9} While appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, "these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence." *State v. Walker*, 12th Dist. No. CA2006-04-085, 2007-Ohio-911, ¶ 26. Therefore, an appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances to correct a manifest miscarriage of justice, and only when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Thompkins*, 78 Ohio St.3d 380, 386, (1997).

{¶ 10} Ballinger was convicted of criminal damaging in violation of R.C. 2909.06(A)(1), which states, "no person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent: Knowingly, by any means." Ballinger asserts that his conviction was against the manifest weight of the evidence because the state failed to offer the testimony of an unbiased witness to establish that he caused physical harm to Sauceda's vehicle. However, after reviewing the record, we do not find that the trial court lost its way in determining that Ballinger caused physical harm to Sauceda's vehicle.

{¶ 11} Sauceda testified that she owns a 2004 Lincoln Navigator and that prior to the night of the incident, the vehicle did not have a scratch on it. Sauceda further testified that after she was informed of the incident by her neighbors, she observed a large scratch on her

vehicle's front fender. Sauceda testified that she did not give Ballinger permission to scratch her vehicle.

{¶ 12} The state also presented the testimony of Roberson, who stated that on the night of the incident, he saw Ballinger approach Sauceda's door, knock on it loudly, and then begin disrobing after she told him to leave. Roberson testified that he yelled to Ballinger to put his clothes back on because there were children present in the neighborhood, and that Ballinger's mother told him to come back home. Roberson testified that he observed Ballinger leave Sauceda's door and return minutes later, at which time, Ballinger removed a knife from his pocket and began dragging it along the fender of Sauceda's vehicle. Roberson testified that he called the police because he was worried that Ballinger, who Roberson stated was "drunk", would harm someone. During cross-examination, Roberson testified that he was able to clearly see and identify Ballinger because there are two street lights on either side of where Sauceda's vehicle was parked.

{¶ 13} Officer Habig testified that when he first observed Ballinger, Ballinger was "pretty heavily intoxicated," and that Ballinger told him that he did not do anything to the car even though the officer had not yet spoken to Ballinger about the damage to Sauceda's vehicle. Officer Habig testified that Ballinger was arrested and searched, and that while no knifes were found on Ballinger's person, Ballinger had been in his home between the time of the criminal damaging and the time of arrest.

{¶ 14} Ballinger testified in his own defense. He denied having gone to Sauceda's door and disrobing, and also denied having a knife or damaging Sauceda's vehicle. Ballinger testified that Roberson fabricated the story about damaging the vehicle because Roberson had a vendetta against him because he played his stereo too loudly.

{¶ 15} Given the trial court's guilty verdict, it found Ballinger's testimony lacking in credibility, and the state's witnesses credible. In fact, the trial court stated that in its

estimation, Roberson was "a hundred percent honest * * * nothing that was brought out on cross made me think that his testimony was anything other than a hundred percent true* * *." As the trial court was in the best position to judge the credibility of the witnesses, we will not question the trial court's specific finding that Roberson was credible and that there was no indication that he had a vendetta against Ballinger that caused him to concoct a story that Ballinger scratched Sauceda's vehicle.

{¶ 16} Having found that the trial court did not lose its way or create a manifest miscarriage of injustice by convicting Ballinger, Ballinger's conviction is not against the manifest weight of the evidence. As such, Ballinger's single assignment of error is overruled.

{¶ 17} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.