[Cite as *State v. Harris*, 2018-Ohio-5292.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellant, | : | CASE NO. CA2018-02-037 |
| | : | O P I N I O N |
| - vs - | | 12/28/2018 |
| | : | |
| MAXWELL S. HARRIS, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-09-1550

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellant

Holcomb & Hyde LLC, Richard A. Hyde, 332 High Street, Hamilton, Ohio 45011, for appellee

Repper-Pagan Law, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, amicus curiae

**RINGLAND, J.**

{¶ 1} Appellant, the state of Ohio, appeals the trial court's decision granting the motion of appellee, Maxwell Harris, to dismiss an indictment based on principles of double jeopardy. For the reasons detailed below, we reverse the trial court's decision and remand this matter for further proceedings.

{¶ 2} On February 25, 2017, Harris and the victim, Bradley Bartuch, were involved in

a physical altercation outside of The Woods bar in Oxford, Ohio. Bartuch was seriously injured and transported for medical treatment. On March 21, 2017, Harris was charged in Butler County Area I Court with disorderly conduct in violation of R.C. 2917.11(A)(1), a minor misdemeanor. Harris pled no contest to the disorderly conduct charge on May 25, 2017.

{¶ 3} On September 20, 2017, Harris was indicted for felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. There is no dispute that the felony charge relates to the same February 25, 2017 incident. According to the bill of particulars, the state alleged that on February 25, 2017 at 10:15 p.m., Harris knowingly caused serious physical injury to the victim by striking him in the face and head, causing facial fractures.

{¶ 4} Harris moved to dismiss the indictment and argued that the felonious assault charge was barred by double jeopardy. In his motion, Harris stated that, pursuant to the test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 (1932), disorderly conduct is a lesser included offense of felonious assault. Therefore, Harris maintained that because he had already pled no contest to the disorderly conduct charge, principles of double jeopardy prohibited the state from prosecuting him for felonious assault. Harris also argued that because no additional facts had come to light since his no contest plea, a trial for the felonious assault charge would amount to relitigation of the factual issues already resolved by his no contest plea.

{¶ 5} The trial court held an evidentiary hearing and subsequently granted Harris' motion to dismiss after concluding that double jeopardy barred subsequent prosecution and that a trial for felonious assault would require relitigation of the factual issues resolved by Harris' no contest plea. The state now appeals, raising a single assignment of error for review:

{¶ 6} THE BUTLER COUNTY COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS BASED

ON DOUBLE JEOPARDY.

{¶ 7} In its sole assignment of error, the state argues the trial court erred when it determined that disorderly conduct was a lesser included offense of felonious assault based on application of the *Blockburger* test. The state also argues that the trial court erred in its application of the holding in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189 (1970). We find the state's argument is well-taken.

{¶ 8} This court reviews a motion to dismiss an indictment on the grounds of double jeopardy de novo because it is a pure question of law. *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, ¶ 13. The Ohio Supreme Court has adopted the test set forth in *Blockburger* to determine whether an accused is successively prosecuted for the same offense. *Id.* at ¶ 17; *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, ¶ 18. Under the *Blockburger* test,

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

{¶ 9} *Zima* at ¶ 19, citing *State v. Best*, 42 Ohio St.2d 530 (1975), paragraph three of the syllabus. "This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case." *State v. Agostini*, 12th Dist. Warren Nos. CA2016-02-013 and CA2016-02-014, 2017-Ohio-4042, ¶ 33. "If application of the *Blockburger* test 'reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, the subsequent prosecution is barred.'" *Id.*, quoting *State v. Tolbert*, 60 Ohio St.3d 89 (1991), paragraph one of the syllabus.

{¶ 10} After considering the issue, we find disorderly conduct is not a lesser included

offense of felonious assault. *See State v. Crayton*, 8th Dist. Cuyahoga No. 55856, 1989 Ohio App. LEXIS 3239, *3; *State v. Ocasio*, 2d Dist. Montgomery No. 19859, 2003-Ohio-6240, ¶ 20. Disorderly conduct under R.C. 2917.11(A)(1) requires proof that the defendant recklessly caused "inconvenience, annoyance, or alarm" by "[e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." *State v. Ozias*, 12th Dist. Butler No. CA2003-04-102, 2003-Ohio-5431, ¶ 13. On the other hand, felonious assault under R.C. 2903.11(A)(1) requires proof that the person knowingly caused serious physical harm to another. *State v. Dillingham*, 12th Dist. Butler No. CA2011-03-043, 2011-Ohio-6348, ¶ 12. Thus, felonious assault requires proof of a "knowingly" mental state and a causation element of "serious physical harm." One may knowingly cause serious physical harm to another without "[e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." *See Ocasio* at ¶ 13 (noting that physical harm may occur when the victim is unaware of the attempt). As a result, we find the trial court erred by finding that felonious assault and disorderly conduct constituted the same offense pursuant to the *Blockburger* test.

{¶ 11} Furthermore, we find the trial court erred by finding that a trial for the felonious assault charge would improperly require relitigation of factual issues resolved in the disorderly conduct charge held in the Butler County Area I Court. As previously noted, the trial court relied on the U.S. Supreme Court's decision in *Ashe v. Swenson*. In that case, a defendant was charged in connection with the robbery of six people at a poker party. *Ashe*, 397 U.S. at 437. The defendant was charged with robbing one of the players. *Id.* at 438. The only contested issue at trial was whether the defendant was one of the robbers. *Id.* at 439. The jury concluded that the defendant was not, and he was acquitted. *Id.* The state subsequently tried the defendant for the robbery of another person at the poker party. *Id.* The defendant was found guilty in the second trial. *Id.* at 440. The U.S. Supreme Court

reversed the defendant's conviction and found that the state was constitutionally foreclosed from relitigating that issue in another trial. *Id.* at paragraph two of the syllabus.

{¶ 12} However, the U.S. Supreme Court recently addressed the *Ashe* decision in *Currier v. Virginia*, ___U.S.___, 138 S.Ct. 2144 (2018) and stated that "*Ashe* forbids a second trial only if to secure a conviction the prosecution must prevail on an issue the jury necessarily resolved in the defendant's favor in the first trial." *Id.* at 2150. In essence, *Ashe* will seldomly bar a subsequent prosecution exception in circumstances where "'it would have been irrational for the jury' in the first trial to acquit without finding in the defendant's favor on a fact essential to a conviction in the second." *Id.* at 2150, quoting *Yeager v. United States*, 557 U.S. 110, 127, 129 S. Ct. 2360 (2009) (Kennedy, J., concurring). The Court continued by noting that under *Blockburger*, courts apply the same double jeopardy test they did at the founding. *Id.* at 2153. "To prevent a second trial on a new charge, the defendant must show an identity of statutory elements between the two charges against him; it's not enough that 'a substantial overlap [exists] in the proof offered to establish the crimes.'" *Id.*, quoting *Iannelli v. United States*, 420 U.S. 770, 785, 95 S. Ct. 1284 (1975), fn. 17. The focus in double jeopardy jurisprudence "remains on the practical identity of offenses, and the only available remedy is the traditional double jeopardy bar against the retrial of the same offense – not a bar against the relitigation of issues or evidence." *Id.* at 2153-2154.

{¶ 13} In this case, Harris pled no contest to disorderly conduct in the Butler County Area I Court; thus, he did not prevail on an issue that would implicate the holding in *Ashe*. Moreover, as noted above, disorderly conduct is not a lesser included offense of felonious assault. Therefore, we find the trial court erred by dismissing the indictment charging Harris with felonious assault. The state's sole assignment of error is sustained.

{¶ 14} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.