[Cite as *State v. Billingsley*, 2020-Ohio-2673.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO/CITY OF HAMILTON, | : | |
| Appellee, | : | CASE NOS. CA2019-05-075<br>CA2019-05-076 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 4/27/2020 |
| ERIC BILLINGSLEY, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case Nos. 19CRB00829 and 19CRB00830


Neal D. Schuett, City of Hamilton Prosecuting Attorney, 345 High Street, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant


**HENDRICKSON, P.J.**

{¶1} Appellant, Eric Billingsley, appeals from his convictions in the Hamilton Municipal Court for domestic violence. For the reasons set forth below, we affirm his convictions.

{¶2} On March 13, 2019, appellant was charged by two separate complaints with domestic violence in violation of R.C. 2919.25(A), misdemeanors of the first degree. The charges arose out of two incidents involving appellant and his live-in girlfriend, Samantha

Puckett. The first offense occurred on February 19, 2019 and the second offense occurred on February 25, 2019.

{¶3} Appellant pled not guilty to the charges and a bench trial commenced on April 8, 2019. Puckett was the only witness to testify. She stated that she and appellant were in a relationship and had been living together in a house on Sycamore Street in Hamilton, Ohio since August 2018. On February 19, 2019, Puckett and appellant got into an argument. The argument turned physical when appellant punched Puckett in the face, causing a bruised and swollen eye, a chipped tooth, and a concussion. Appellant also took Puckett's phone from her for a period of time. Puckett did not immediately call the police after her phone was returned. Photographs of her injuries were taken days later, on or about February 27, 2019, by a police officer and these photographs were admitted into evidence.

{¶4} Puckett testified the second incident occurred on February 25, 2019, after Puckett confronted appellant about money that was taken out of her account. Puckett told appellant she was leaving him, and she started moving items out of the bedroom they shared. Appellant grabbed Puckett around her throat, threw her down on the bed, and held here there with his hands over her throat and mouth, which caused Puckett pain and to have trouble breathing. Appellant took Puckett's phone from her immediately after the incident. Puckett testified she left appellant the day after this incident occurred, and she went to the hospital to be checked out on March 8, 2019.

{¶5} On cross-examination, Puckett admitted that she did not immediately call the police after the incident on February 19, 2019. She explained that all of her belongings were at the house she shared with appellant, and she feared that her belongings would be destroyed. For this reason, she also told her friends not to call the police on appellant.

- 2 -

Puckett also admitted that she has been the victim of other domestic violence offenses that did not involve appellant and that she had contacted the police during those incidents.

{¶6} The state rested its case following Puckett's testimony, and appellant moved for acquittal pursuant to Crim.R. 29. After the trial court denied appellant's motion, appellant rested his defense. The court found appellant guilty of both domestic violence offenses, stating it found Puckett's testimony credible, especially in light of the photographic evidence of her injuries. Appellant was sentenced to consecutive 180-day jail terms, with all but 60 days suspended, and placed on supervised community control for two years.

{¶7} Appellant appealed his convictions, raising two assignments of error. For ease of discussion, we will address the assigned errors together.

{¶8} Assignment of Error No. 1:

{¶9} THE TRIAL COURT ERRED IN OVERRULING [APPELLANT'S] MOTION FOR ACQUITTAL PURSUANT TO OHIO CRIM.R. 29.

{¶10} Assignment of Error No. 2:

{¶11} [APPELLANT'S] CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12} In his first assignment of error, appellant contends the trial court erred by denying his Crim.R. 29 motion for acquittal as the state failed to present sufficient evidence of the domestic violence offenses. In his second assignment of error, he contends his convictions are against the manifest weight of the evidence.

{¶13} Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court reviews the denial of a Crim.R. 29(A) motion under the same

standard as that used to review a sufficiency-of-the-evidence claim. *State v. Mota*, 12th Dist. Warren No. CA2007-06-082, 2008-Ohio-4163, ¶ 5; *State v. Huston*, 12th Dist. Fayette Nos. CA2006-05-021 and CA2006-06-022, 2007-Ohio-4118, ¶ 5.

{¶14} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997); *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶15} A manifest weight of the evidence challenge, on the other hand, examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66. "While appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, 'these issues are primarily matters for the trier of fact to

decide.'" *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81, quoting *State v. Walker*, 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26. An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.*, citing *Thompkins*, 78 Ohio St.3d at 387. Furthermore, although the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different, "[a] determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19.

{¶16} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." A person acts knowingly when, regardless of purpose, "the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶17} Appellant argues the state failed to prove Puckett was a family or household member because the state failed to present evidence of the nature of appellant's and Puckett's relationship. He contends that there was no testimony establishing he and Puckett cohabitated or "were in a sexual relationship." Rather, he contends the evidence merely shows that he and Puckett had a platonic friendship, in which they were nothing more than roommates.

{¶18} Pursuant to R.C. 2919.25(F)(1)(a) and (F)(2), a "family or household member" is, among others, "a person living as a spouse" who is "cohabitating with the offender, or who otherwise has cohabitated with the offender within five years prior to the date of the alleged commission of the act in question." For purposes of R.C. 2919.25(F)(2), "[t]he

essential elements of 'cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium." *State v. Williams*, 79 Ohio St.3d 459 (1997), paragraph two of the syllabus. *See also State v. Brauer*, 12th Dist. Warren No. CA2012-11-109, 2013-Ohio-3319, ¶ 16. "Possible factors establishing shared or familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets." *Williams* at 465. Possible factors that might establish consortium include "mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations." *Id.* "These factors are unique to each case and how much weight, if any, to give to each of these factors must be decided on a case-by-case basis by the trier of fact." *Id.*

{¶19} After reviewing the record, weighing inferences and examining the credibility of the witness, we find that appellant's convictions for domestic violence are supported by sufficient evidence and are not against the manifest weight of the evidence. The state presented testimony and evidence proving all the essential elements of the domestic violence offenses beyond a reasonable doubt. Contrary to appellant's assertions, the state established that Puckett was a "family or household member," as she was a person living as a spouse of appellant. Puckett's testimony demonstrated that she and appellant were cohabiting. Puckett testified the two were in a relationship, lived in the same home together since August 2018, shared a bedroom, and slept in the same bed. Additionally, there was testimony that the two had comingled assets, as Puckett testified that all her belongings were at the shared residence and appellant had access to her bank account.[1] Given Puckett's testimony, the trial court, as the trier of fact, was entitled to conclude that Puckett

---

1. Puckett testified that the fight on February 25, 2019 occurred "when money was taken out of [her] account," leading to the inference that appellant had access to Puckett's bank account.

was cohabiting with appellant and, as a "person living as a spouse," was a household member as contemplated by R.C. 2919.25(F).

{¶20} Furthermore, Puckett's testimony and the photographs admitted at trial demonstrated that appellant caused physical harm to Puckett on two separate occasions. First, on February 19, 2018, by punching Puckett in the face and causing harm to her eye and mouth. Puckett testified her tooth was chipped, her eye became swollen and bruised, and she suffered a concussion. On the second occasion, which occurred February 25, 2019, appellant caused pain to Puckett and almost caused her to pass out when he grabbed Puckett by the throat, threw her on the bed, and proceeded to choke Puckett by placing his hands on her throat and mouth. The circumstances surrounding appellant's behavior demonstrates that he knowingly caused physical harm to Puckett on these two occasions by escalating their verbal arguments to include physical violence.

{¶21} In light of the foregoing, we find that appellant's convictions for domestic violence are supported by sufficient evidence and are not against the manifest weight of the evidence, and the trial court did not err in denying appellant's Crim.R. 29 motion for acquittal,. Appellant's first and second assignments of error are, therefore, overruled.

{¶22} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.