[Cite as *State v. Terry*, 2021-Ohio-4043.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-04-029 |
| Appellee, | : | O P I N I O N<br>11/15/2021 |
| | : | |
| - vs - | : | |
| | : | |
| CHRISTOPHER TERRY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY MUNICIPAL COURT
Case No. 2020CRB00827

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Mark T. Tillar, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Christopher Terry, appeals his conviction for violating a protection order.

{¶ 2} Appellant and Zevar Terry ("Wife") were married in 2011. Wife filed for divorce in July 2019. At that time, a civil protection order was issued by the Butler County Court of Common Pleas pursuant to R.C. 3113.31 and was set to expire September 27, 2021. The

order provided that appellant "not initiate or have any contact with" Wife, and defined contact to include "landline, cordless, cellular, or digital telephone." It included a limited exception to the no-contact provision, permitting "communication concerning issues directly related to or concerning the parties['] minor child." Such communication was only permitted via "the Our Family Wizard application except for emergency situations for which time is critical in which telephone communication is permitted." Appellant received a copy of the order and signed it.

{¶ 3} On November 24, 2020, at 11:49 a.m., Wife received a missed call on her cellular telephone. She recognized the number as appellant's, though she had deleted his contact information from her telephone. One minute later, she received a call from the same number and answered it. She recognized appellant's voice as he told her, "you're done, [expletive]." Appellant screamed at her and mentioned something about court before wife ended the call. The call lasted for thirteen seconds. Wife was at her residence in Warren County when she received the call.

{¶ 4} Wife took screenshots of appellant's calls on her cellular telephone screen. She presented the pictures and a copy of the protective order to Officer Joshua Clift at the Hamilton Township Police Department in Warren County. After checking that the protection order was still valid, Officer Clift decided to pursue charges relating to the incident. Officer Clift then filed a complaint and appellant was arrested.

{¶ 5} The matter proceeded to trial on February 23, 2021. Appellant appeared pro se. Wife, Officer Clift, and appellant testified. The state submitted the screenshots of the two phone calls and the protection order into evidence. Appellant submitted a screenshot of text messages between Wife and the parties' shared minor child, a printout of the Wikipedia webpage article on "Caller ID spoofing," a printout of the webpage "Spoofbox,"

and appellant's own cellular telephone bill for the period of November 14, 2020, to December 13, 2020, which included a list of incoming and outgoing calls.

{¶ 6} Following the one-day bench trial, appellant was found guilty of violating a protection order in under R.C. 2919.27(A)(1). He was sentenced to serve 180 days in jail with 165 days suspended for two years to probation and credit for two days. Appellant now appeals his conviction, raising the following sole assignment of error:

{¶ 7} THE COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FINDING HIM GUILTY OF THE CHARGE AGAINST HIM WITHOUT EVIDENCE NECESSARY TO SUSTAIN THE CHARGE.

{¶ 8} In his assignment of error, appellant challenges his conviction on both sufficiency of the evidence and manifest weight grounds.

{¶ 9} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Billingsley*, 12th Dist. Butler Nos. CA2019-05-075 and CA2019-05-076, 2020-Ohio-2673, ¶ 14. A challenge to the sufficiency of the evidence requires this court to determine whether the evidence is adequate to support the conviction as a matter of law. *State v. Lay*, 12th Dist. Clermont No. CA2020-08-050, 2021-Ohio-892, ¶ 10. The relevant inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thacker*, 12th Dist. Warren No. CA2019-06-058, 2020-Ohio-1318, ¶ 60.

{¶ 10} Conversely, a manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Ostermeyer*, 12th Dist. Fayette No. CA2021-01-002, 2021-Ohio-3781, ¶ 35, quoting *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest

weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. *State v. Tolle*, 12th Dist. Preble No. CA2020-10-015, 2021-Ohio-3401, ¶ 10. An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. McMurray*, 12th Dist. Preble No. CA, 2021-Ohio-3562, ¶ 11.

{¶ 11} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "Nevertheless, '[a] determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency.'" *Ostermeyer* at ¶ 36, quoting *Billingsley* at ¶ 15.

{¶ 12} To convict appellant for a violation of R.C. 2919.27(A)(1), the state had to prove that appellant recklessly violated the terms of the protection order issued pursuant to R.C. 3113.31. A person acts recklessly when,

> with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

R.C. 2901.22(C).

{¶ 13} The parties agree that there was a valid protective order in place and that the order prohibited appellant from contacting Wife by "landline, cordless, cellular, or digital telephone" with the exception of emergency situations. They agree there was not such an

- 4 -

emergency on November 24, 2020. It is also not disputed that Wife was at her home in Warren County when this incident occurred.

{¶ 14} At trial, appellant's principal argument in his defense was that he did not call Wife but was the victim of "spoofing," "i.e., making the sender appear to be someone other than the actual source." *Meeks v. Oberlin*, 8th Dist. Cuyahoga No. 107636, 2019-Ohio-2825, ¶ 10. To support his argument, appellant introduced evidence to establish a motive on Wife's part to use appellant's telephone number in a "spoof." He also introduced into evidence his cellular telephone bill for the period when the incident occurred. The call log attached to the bill does not show any outgoing calls at the time Wife testified that she received the call and at the time her telephone shows she received the call. Wife testified however, that she was not familiar with spoofing.

{¶ 15} Wife testified that she not only recognized appellant's telephone number but his voice as well. This could not be explained away as spoofing. Ultimately, the question was whether appellant or Wife was more credible. Appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, but "these issues are primarily matters for the trier of fact to decide." *Tolle* at ¶ 10, quoting *State v. Walker*, 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26. We give substantial deference to the trial court's determination of a witness's credibility. *State v. Cheatham*, 12th Dist. Clermont No. CA2015-12-100, 2016-Ohio-5779, ¶ 22. Here, the trial court found Wife more credible than appellant.

{¶ 16} After reviewing the record, we find that appellant's conviction for violating a protection order is not against the manifest weight of the evidence and is therefore supported by sufficient evidence. *Ostermeyer* at ¶ 36. Although there is no explanation for why appellant's telephone log does not disclose the telephone calls from him to Wife, that is not to say the only explanation is that appellant did not make the calls. The trial court

believed Wife's testimony that the calls were made and that she recognized appellant's voice in the second call. The trial court was in the best position to weigh the evidence and judge the credibility of all witnesses. *Tolle* at ¶ 10. We find no evidence to suggest that the trial court as trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* Simply put, the evidence does not weigh heavily in favor of acquittal. *McMurray* at ¶ 11.

{¶ 17} Appellant's assignment of error is overruled.

{¶ 18} Judgment affirmed.

PIPER, P.J., and BYRNE, JJ., concur.