[Cite as *State v. Gibson Fields*, 2022-Ohio-2332.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-06-010 |
| | : | O P I N I O N |
| - vs - | | 7/5/2022 |
| | : | |
| ISABEL C. GIBSON FIELDS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY MUNICIPAL COURT
Case No. CRB 1800803AB

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rickelle A. Davis, Assistant Prosecuting Attorney, for appellee.

Parks and Meade, LLC, and Darren L. Meade, for appellant.

**HENDRICKSON, J.**

{¶1} Appellant, Isabel C. Gibson Fields, appeals the Madison County Municipal Court's decision denying her motion to suppress evidence seized and her conviction by a jury.

{¶2} While patrolling on October 4, 2018, Plain City Police Officer Joshua Hertzinger, sighted a motorized "dirt bike" traveling at a high rate of speed down a

residential street. Officer Hertzinger was personally familiar with both the vehicle and the suspected driver. Rather than affect a traffic stop, Officer Hertzinger drove directly to appellant's residence, where he believed the driver lived. Upon arriving and exiting his vehicle, he saw "a young man" in the fenced backyard wearing a helmet and "full gear" attempting to cover a dirt bike with a tarp. The individual and the dirt bike matched both the suspect and the bike he had just seen. He ordered the suspect to stop, but the suspect fled "into what appeared to be the house in the back."

{¶3} Officer Hertzinger ran through the gate and behind the house and knocked on the back door. He later testified that the gate to the chain link fence surrounding the backyard of the residence was open. Appellant answered the door, and when asked where her son was, she responded that she had not seen him that day. Officer Hertzinger then called for a tow truck and began to remove the dirt bike from the property. Appellant approached him and told him he could not remove the dirt bike. When he attempted to remove the dirt bike, appellant stood in his way. Sergeant Darren Prather, who was also present, warned appellant that she would be arrested for obstruction of justice. When she refused to move, he grabbed her arm and attempted to handcuff her. Appellant repeatedly pulled her arm away before Sergeant Prather was able to handcuff her and place her under arrest.

{¶4} Appellant was charged with one count of obstructing official business in violation of R.C. 2921.31(A) and one count of resisting arrest in violation of R.C. 2921.33(A). Both offenses are misdemeanors of the second degree. Following discovery, appellant filed a motion to suppress "evidence gathered from an unlawful entry onto [appellant's] property and an unconstitutional detention of her person." After briefing by both parties, the trial court held a suppression hearing. Officer Hertzinger was the sole witness called to testify at that hearing. The trial court then ordered additional briefing from the parties. On

December 8, 2019, the trial court denied appellant's motion to suppress.

{¶5}  The matter proceeded to trial.  At trial, Officer Hertzinger and Sergeant Prather testified for the state.  Appellant, and her husband, Jeremy Fields, testified for the defense.  The jury found appellant guilty of both counts.  The trial court sentenced her to 90 days in jail and a $250.00 fine for obstruction of official business, and 90 days in jail for resisting arrest, with the sentences to run concurrently.  The sentences were suspended, and appellant was placed on probation for one year.  Appellant timely appeals, raising the following two assignments of error.

{¶6}  Assignment of Error No. 1:

{¶7}  THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE BY DENYING HER MOTION TO SUPPRESS EVIDENCE.

{¶8}  Appellant argues that the officers did not have the right to be on her property, and that but for their unauthorized presence, the confrontation that led to her arrest and subsequent criminal charges would not have occurred.  Appellant asks us to consider whether hot pursuit existed to justify the warrantless entry of law enforcement onto her property.

**Standard of Review**

{¶9}  Appellate review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact.  *State v. Adkins*, 12th Dist. Butler Nos. CA20214-02-036 and CA2014-06-141, 2015-Ohio-1698, ¶ 11.  When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.  *State v. Sanders*, 12th Dist. Clermont No. CA2020-06-033, 2021-Ohio-275, ¶ 18.  Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.  *State v. Pettiford*, 12th Dist. Fayette No. CA2017-05-010, 2018-Ohio-1015, ¶ 9.

An appellate court will independently determine, without deference to the trial court's conclusions, whether the facts satisfy the appropriate legal standard. *State v. Frost*, 12th Dist. Fayette No. CA2018-11-023, 2019-Ohio-3540, ¶ 7.

**Law and Analysis**

{¶10} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution protect individuals from unreasonable governmental searches and seizures. *State v. Grant*, 12th Dist. Preble No. CA2014-12-014, 2015-Ohio-2464, ¶ 13. A warrantless search is per se unreasonable unless it falls within a recognized exception to the warrant requirement. *State v. Rowley*, 12th Dist. Clinton No. CA2021-08-027, 2022-Ohio-997, ¶ 12.

{¶11} The trial court rested its decision denying the motion to suppress on the basis of the plain view exception to the warrant requirement. However, it also determined that Officer Hertzinger had been in hot pursuit of the dirt bike driver when he entered appellant's property, and accordingly was within his rights to do so. Appellant's argument to suppress the evidence focuses solely on the inappropriateness and inapplicability of the hot pursuit exception and does not address the plain view exception. Because we find that the trial court appropriately relied upon the plain view exception to the warrant requirement, we need not address the applicability of the hot pursuit doctrine.

{¶12} Pursuant to the plain view doctrine, "'[o]fficers may seize evidence in plain view if they have not violated the Fourth Amendment in arriving at the spot from which the observation of the evidence is made * * *.'" *State v. Hensgen*, 12th Dist. Clermont No. CA2017-01-008, 2017-Ohio-8793, ¶ 18, quoting *Kentucky v. King*, 563 U.S. 452, 131 S.Ct. 1849 (2011), paragraph one of the syllabus. Mere observation of an object in plain view does not constitute a search for Fourth Amendment purposes. *State v. Buzzard*, 112 Ohio St.3d 451, 2007-Ohio-373, ¶ 17. Here, Officer Hertzinger testified that the dirt bike was

visible from his vantage point having parked on the public street in front of appellant's house *before* entering appellant's property. Though it is not disputed that the dirt bike was in an area that constituted the curtilage of appellant's home, the fact that the dirt bike was observable from the street and that the gate to the fence was open renders the seizure appropriate in light of the facts.

{¶13} The incriminating or illegal nature of the dirt bike was immediately apparent to Officer Hertzinger, who also testified that this was the same vehicle he had observed shortly before travelling at an excessive rate of speed. *Young*, 2015-Ohio-1347, at ¶ 29. Thus, the officers were within their rights to seize the dirt bike and appellant's efforts to stop them constituted an impermissible interference in the officers' performance of their duties. As there was no Fourth Amendment violation established in this case, the trial court's decision to apply the plain view exception to the warrant requirement was appropriate and does not constitute reversible error. Appellant's first assignment of error is overruled.

{¶14} Assignment of Error No. 2:

{¶15} DEFENDANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND WERE INSUFFICIENT AS A MATTER OF LAW.

{¶16} Appellant next argues that the state failed to prove beyond a reasonable doubt that appellant had committed an "overt act" in obstructing official business and as a consequence, both her arrest and the subsequent charge for resisting arrest were invalid.

**Standard of Review**

{¶17} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Tolle*, 12th Dist. Preble No. CA2020-10-015, 2021-Ohio-3401, ¶ 9. When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable

doubt. *State v. Roberts*, 12th Dist. Warren No. CA2020-12-089, 2021-Ohio-3073, ¶ 12. The relevant inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Terry*, 12th Dist. Warren No. CA2021-04-029, 2021-Ohio-4043, ¶ 9.

{¶18} "Unlike a challenge to the sufficiency of the evidence, a manifest weight of the evidence challenge examines the 'inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other.'" *State v. Moore*, 12th Dist. Fayette No. CA2020-09-016, 2021-Ohio-1856, ¶ 13, quoting *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. McMurray*, 12th Dist. Preble No. CA2020-08-013, 2021-Ohio-3562, ¶ 11.

{¶19} An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Ostermeyer*, 12th Dist. Fayette No. CA2021-01-002, 2021-Ohio-4116, ¶ 35. A determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency. *State v. Worship*, 12th Dist. Warren No. CA2020-09-055, 2022-Ohio-52, ¶ 34.

**Law and Analysis**

{¶20} Appellant argues that the obstructing official business conviction was not supported by sufficient evidence. R.C. 2921.31(A) provides that "[n]o person, without

privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." To achieve a conviction pursuant to R.C. 2921.31(A), the state is required to prove five elements: "'(1) an act by the defendant; (2) done with the purpose to prevent, obstruct, or delay a public official; (3) that actually hampers or impedes a public official; [(4)] while the official is acting in the performance of a lawful duty; and (5) the defendant does so act without a privilege to do so.'" *State v. Devillere*, 12th Dist. Warren No. CA20, 2010-Ohio-2538, ¶ 20, quoting *State v. Dice*, 3d Dist. Marion No. 9-04-41, 2005-Ohio-2505, ¶ 19. Appellant specifically argues that the state failed to prove she performed an affirmative act to obstruct the officers' seizure of the dirt bike.

{¶21} To convict a defendant of obstructing official business, "the state does not need to prove that the defendant successfully prevented an officer from performing his or her official duties; rather, the state need only introduce evidence demonstrating the defendant 'actually interfered with the performance of an official duty and made it more difficult.'" *State v. Alexander*, 12th Dist. Warren No. CA2016-09-085, 2017-Ohio-5507, ¶ 21, quoting *State v. Standifer*, 12th Dist. Warren No. CA2011-07-071, 2012-Ohio-3132, ¶ 28.

{¶22} Appellant is correct that "[t]he offense of obstructing official business generally requires 'the doing of some affirmative act by a defendant.'" *State v. Jones*, 12th Dist. Brown No. CA2015-05-014, 2016-Ohio-67, ¶ 20, quoting *State v. King,* 3d Dist. Marion No. 9-06-18, 2007-Ohio-335, ¶ 58. However, "failing to act may still constitute obstruction of official business in certain circumstances." *State v. Florence,* 12th Dist. Butler No. CA2013-05-070, 2014-Ohio-167, ¶ 30. Therefore, as we have previously noted, "[t]he proper focus in a prosecution for obstructing official business is on the defendant's conduct, verbal or

physical, and its effect on the public official's ability to perform his lawful duties." *Standifer* at ¶ 28.

{¶23} At trial, Officer Hertzinger testified that when he attempted to move the dirt bike to have it towed, appellant "imped[ed]" his ability to do so by placing herself in front of the bike. Sergeant Prather testified that appellant was repeatedly told to move before he attempted to move her. Appellant placed herself in the path between Officer Hertzinger and the roadway while the latter was attempting to perform his official duties. She was commanded to move but did not do so. Thereafter, she was placed under arrest.

{¶24} After reviewing the record, weighing inferences and examining the credibility of the witnesses, we find that the jury did not lose its way in finding appellant guilty of obstructing official business and resisting arrest. The state presented testimony and evidence from which the jury could have found all the essential elements of the offense proven beyond a reasonable doubt. The state introduced evidence that appellant purposefully obstructed Officer Hertzinger's effort to seize the dirt bike and made the performance of his duties more difficult. Video footage and testimony also confirm that appellant resisted arrest. All elements of each offense were met and supported by the evidence presented. Accordingly, we find that appellant's convictions for obstructing official business and resisting arrest are supported by sufficient evidence and are not against the manifest weight of the evidence. Appellant's second assignment of error is therefore overruled.

{¶25} Judgment Affirmed.

S. POWELL, P.J., and BYRNE, J., concur.